The defendant then proved by one Carman, a constable, that on 31 October he had several executions in his hands at the instance of sundry plaintiffs, which on that day he levied on said corn and all the other property of Brown, but that he did not remove any part of the property, nor did he place it in the care of any person; that he advertised the property and sold it ten days afterwards. It appeared further that the executions spoken of by the constable were at the instance of different plaintiffs against the said Brown, the same being judgments regularly entered up and executions thereon regularly issued of date 30 October, 1819, on the same papers with the warrants; and on the face of two of said executions, dated in 1819, was written this memorandum: "This execution aliased and renewed 30 October, 1820. David Thomas, J. P."; and on the back of the others was indorsed "Aliased and revived 31 October, 1820. David Thomas, J. P.," and no other papers were in Carman's hands. It appeared further that David Thomas was a justice of the peace.
1. The judge below charged the jury that the executions under which the constable Carman made his levy were valid executions, and authorized him to make the levy.
2. That if Carman had levied his executions on the property of Brown before the sheriff or his deputy went to levy, that the sheriff had no right to levy the execution from court on said property. Though it boreteste prior to and was delivered to the sheriff before Carman had levied, yet it created no lien against the constable's levy.
3. That if a constable levy an execution and leave the (550) property where he found it, and in the hands of the defendant, and be guilty at the same time of no delay in the sale, no other officer had a right to levy on said property.
The counsel for the plaintiff then moved the court to instruct the jury that a sheriff is bound to use reasonable diligence to make the *Page 295 
plaintiff's money on an execution; and that if he failed to use that diligence and the debt was lost, the sheriff was liable; and that it be submitted to the jury whether the sheriff had used reasonable diligence in neglecting to levy the plaintiff's execution on the property of Brown from the 7th to 31st October; and the court refused so to charge them, but told the jury "that by the tenor of the fieri facias the sheriff had until the return term of the same to make the money, unless hastened by the plaintiff; but if requested by the plaintiff the sheriff was bound to levyimmediately, unless at that time employed in some prior official duties. But in this case it did not appear that the sheriff had been hastened by the plaintiffs to levy their execution, and it was submitted to the jury if the sheriff had used due diligence.
Under these instructions the jury found a verdict for defendant, and a motion for a new trial being overruled and judgment rendered against the plaintiffs, they appealed to this Court.
The plaintiff's execution was a lien upon Brown's property, (553) and when on 7 October it came into the defendant's hands there were not until the last of that month any other conflicting executions. No reason is assigned why that execution was not levied upon Brown's property during that time. The law declares it to be the duty of the sheriff to execute all process which comes to his hands with the utmost expedition, or as soon after it comes into his hands as the nature of the case will admit. Bac. Abr., Sheriff, N. Dalt. Sh., 109. But it is further stated on belief of the defendant that although executions came into the hand of the constable Carman on the last of October, those executions were levied upon Brown's property, but that he did not remove any part of it, or place it in the care of any person; that he advertised and sold it ten days afterwards; that during that time, on 4 November, the defendant went to Brown's house where the property was on which the constable had levied, and that he failed at that time to levy upon it. In this I think he was again guilty of neglect, for I cannot hesitate in believing that the property was subject (554) to the plaintiff's execution, for it had the first lien upon it, which could not be divested by a mere levy of the constable; so that the defendant had between thirty and forty days from the time the execution first came to his hands to execute it. I give no opinion in a case where an execution issues to a sheriff and is a lien on property, and a constable under an execution of junior date seizes and sells the property *Page 296 
before the sheriff had it in his power to levy upon and seize it. I think, in this case, the defendant made a false return, and that he was also guilty of neglect in not satisfying the plaintiff's execution out of Brown's property.