FROM FRANKLIN.
The jury, under the directions of his honor, returned a verdict in favor of the plaintiff for the amount of the judgments, and (137) the defendant appealed.
The sheriff is the officer constituted by law to execute the process of the Court. It is his duty to execute it with due diligence and reasonable promptitude. It is laid down in Bac. Abr., Sheriff, N., and the position has been recognized by this Court in Lindsay v. Armfield, 10 N.C. 548, that he is bound to execute all process which *Page 86 
(141) comes to his hands with the utmost expedition, or as soon after receiving it as the nature of the case will admit.
The plaintiff, being sheriff of Franklin County, had in his hands certain executions, and the defendant, in consideration that the plaintiff would forbear to levy those executions, and would wait for the money due thereon, promised to indemnify him. The plaintiff alleges the forbearance took place, and he has sustained damage thereby; and now asks the aid of the Court in obtaining indemnity for disobeying its process and violating his duty. This is the substance of the transaction, whatever coloring ingenuity may have given it. The consideration was an omission by a public officer to perform the duties of his office; the promise of the defendant was to induce him to omit the performance of that duty.
The consideration is illegal and the promise void, being repugnant to the general policy of the common law. An agreement to induce a public officer to omit the performance of his duty is void. Chitty on Contracts, 221. A contract to indemnify a sheriff for doing that which he ought to do is good; a contract to indemnify him for doing that which he ought not to do is void. Blackett v. Crissop, 1 Ld. Ray., 278; Plowden, 64. The agreement of the plaintiff to forbear making the levy — to suspend proceedings on the process, and wait for the money due thereon — was in violation of his duty and contrary to law. The contract implies a power and ability to levy the execution, which it was his duty to do, but which he omitted, at the instance and request of the defendant, and under the inducement of a promise of indemnity.
The act of 1807 (Rev., ch. 731) authorizes the officer, when he has levied an execution, to permit the property so levied on to remain with the possessor — the officer taking bond for the forthcoming thereof to answer the process-and he remaining, in all respects, liable to the claims of the plaintiff, as before the enaction of the law. This (142) act is predicated upon the common law principles recognized by this decision. It sanctions the positions that it is the duty of the sheriff to execute final process expeditiously; that when he seizes property under an execution, and by virtue of his office, he must take it into the custody of the law — he must be its keeper; and that any agreement to omit the performance of his duty by postponing the period of levy, or to permit the defendant in the execution to retain the possession and enjoy the use of the property levied on, after the seizure, would, at common law, be illegal and void. The sheriff can now, by taking bond and pursuing the directions of this act, permit the property levied on to remain with the person in whose possession it was found at the time of the levy. The bond would have been void before the passage of this act, but is now rendered obligatory. The act is permissive in its *Page 87 
provisions, and all the former liabilities of the officer still continue. The mischiefs intended to be remedied were the inconveniences to which the possessor of the property levied on was exposed by being deprived of its use until the day of sale, and of being subjected to the expense of its being kept in custodia legis — inconveniences which were particularly oppressive to the unfortunate debtor when slaves were the subjects of the levy. This act does not interfere with the common-law rule prescribing the duty of the sheriff in making the levy; neither does it authorize any postponement thereof, nor does it sanction any stipulation of forbearance in discharge of this part of his duty. No agreement can be enforced under this act which is not strictly in pursuance thereof. This contract is not within its purview.
The three executions which are comprehended by the agreement that is the subject-matter of this controversy were against one Wm. Jeffreys; two of them were against Jeffreys, the principal debtor, and embraced others, who were his sureties, one of whom was a party defendant, as the surety of Jeffreys, in each of the two latter executions. (143) It has been said these two executions issued irregularly to the sheriff, as he was a party defendant in each; and they imparted no power to him, and he could exercise no authority under them. The sheriff, in his ministerial capacity, is bound to execute all process issuing to him from a court of competent jurisdiction. If the court possess jurisdiction the officer is bound to obey the mandate of the writ, although it may be improvidently issued. It is true the ministerial office of the coroner is to act as the sheriff's substitute. If just exception can be taken to the sheriff, as when he is interested in the suit, or of kindred to either of the parties, then the process should be awarded to the coroner. 1 Bl. Com., 344, 349. Our acts of 1777 and 1779 only provide for the issuing of process to the corner when there is no person properly qualified to act as sheriff in the county. The plaintiff in each of these executions was willing to confide in the sheriff; the court had jurisdiction, and issued the process to him; he received and recognized the writs in his official character and although they may have improvidently issued, he was bound to execute them. McAuley's case, Cro. Jac., 299; Bull v. Steward, 1 Wils., 225; 1 Str., 509.
It has been intimated that this is a promise by the defendant to pay the debts due on the executions, and not an undertaking to indemnify the sheriff. I perceive no difference; they are in principle the same. The consideration was the omission of the officer to discharge his duty, and is illegal. The promise was an inducement to the sheriff to omit that which the process commanded, and the law required him to do, and is void.
Beaufage's case, 10 Coke., 99b, has been much relied on by plaintiff's *Page 88 
counsel. A writ of fieri facias had issued to the sheriff, and he took from the defendant in the execution a bond for the payment of (144) the money into court at the return of the writ. In declaring on a bond it is not necessary to aver any consideration. It is true that if it be given on an illegal consideration the obligor can show the illegality and avoid the obligation. But it does not appear that there was anything illegal in the transaction; there was no attempt to show the illegality. There was no stipulation or undertaking on the part of the sheriff to omit his duty, or to forbear its performance; no agreement to postpone the making of a levy, or to suspend the proceedings under the execution. The taking of the bond was not disadvantageous to the plaintiff; it furnished additional security for the payment of the debt, without interfering with the execution of the process or the duty of the officer, and, under such circumstances, was not contrary to the policy of the law. The case does not state what was the inducement of the obligor for executing the bond, or whether the bond was taken by the sheriff with the knowledge and consent and under the direction of the plaintiff in the execution. There was no attempt, however, to show any illegality in the consideration. The doubt entertained and expressed by the case was whether the bond was not void by the statute of 23 Henry, 6. But it was decided that the statute only extended to bonds taken from persons in the ward of the sheriff. Dawson, Sheriff of B.,v. Burman, referred to in Beaufage's case, is of the like character, and was decided upon the same principles.
The case now before the court is an action of assumpsit, on a parol promise. It was necessary to set forth in the declaration the consideration upon which the promise was founded. The sheriff by his agreement tied his own hands; he stipulated to omit the performance of his duty; he undertook that he would not be quickened to action, either by the mandate of the law or the request of the plaintiffs in the executions. These stipulations were the consideration of the promise; the (145) consideration is illegal, and the promise void. It is not contended by defendant's counsel that either statute, 23 Henry, 6, or our act of 1777 (ch. 18, sec. 8), has anything to do with the case before the court; they only refer to persons in the ward or custody of the sheriff.